NUMBERS 13-11-00515-CR
& 13-11-00516-CR

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

                                               




IN RE MICHAEL LEROY
LAFFERY

 



 

                                On
Petition for Writ of Mandamus.

 



 

                               MEMORANDUM
OPINION

                                                              

     Before Chief
Justice Valdez and Justices Rodriguez and Garza

                               Memorandum
Opinion Per Curiam[1]

 

Relator,
Michael Leroy Laffery, pro se, filed a petition for writ of mandamus in the
above causes on August 5, 2011, through which he complains that the trial court
has failed to rule on his “Motion to Enter Judgment and Sentence Nunc Pro
Tunc,” which relator alleges that he filed on July 27, 2011.  

To
be entitled to mandamus relief, relator must establish both that he has no
adequate remedy at law to redress his alleged harm, and that what he seeks to
compel is a ministerial act not involving a discretionary or judicial
decision.  State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at
Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).  If relator fails to
meet both of these requirements, then the petition for writ of mandamus should
be denied.   See id.  

It
is relator’s burden to properly request and show entitlement to mandamus
relief.  Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st
Dist.] 1992, orig. proceeding) (“Even a pro se applicant for a writ of mandamus
must show himself entitled to the extraordinary relief he seeks.”).  In
addition to other requirements, relator must include a statement of facts supported
by citations to “competent evidence included in the appendix or record,” and
must also provide “a clear and concise argument for the contentions made, with
appropriate citations to authorities and to the appendix or record.”  See
generally Tex. R. App. P.
52.3.  In this regard, it is clear that relator must furnish an appendix or
record sufficient to support the claim for mandamus relief.  See id. R.
52.3(k) (specifying the required contents for the appendix); R. 52.7(a)
(specifying the required contents for the record).  Moreover, relator must
certify that he has reviewed the petition and concluded that every factual
statement in the petition is supported by competent evidence included in the
appendix or record.  See id. R. 52.3(j).

The
Court, having examined and fully considered the petition for writ of mandamus
and the applicable law, is of the opinion that relator has not met his burden
to obtain mandamus relief.  See State ex rel. Young, 236 S.W.3d at 210. 
Relator has not furnished a file-stamped copy of the “Motion to Enter Judgment
and Sentence Nunc Pro Tunc” or any documents showing that he has called any
such motion to the trial court’s attention.  See id. R. 52.7(a)(1)
(requiring relator to file with petition a certified or sworn copy of every
document material to relator’s claim for relief and filed in any underlying
proceeding); In re Chavez, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001,
orig. proceeding) (holding that the trial court has no duty to rule until
movant has brought the motion to trial court’s attention and that mandamus relief
unavailable absent a showing that trial court failed or refused to rule within a
reasonable time thereafter.  

Moreover,
even if we were to accept relator’s allegations as true, the alleged delay
between July 27, 2011 and August 5, 2011, the date of filing this original
proceeding, would not constitute an unreasonable period of time for the trial
court to consider the motion.  In this regard, we note that relator seeks
mandamus relief against the Honorable Nelva Gonzales Ramos, formerly the
Presiding Judge of the 347th District Court of Nueces County.  As of August 4,
2011, Judge Ramos vacated that judicial bench to serve as a newly appointed
United States District Judge for the Southern District of Texas.  Ordinarily,
we would abate and remand this original proceeding to allow her successor judge
to consider the allegations herein.  See Tex. R. App. P. 7.2(b) (“If the case is an original
proceeding under Rule 52, the court must abate the proceeding to allow the
successor to reconsider the original party’s decision.”).  However, given the
procedural posture of this matter, the technical deficiencies of the petition,
and the merits of the contentions herein, we conclude that such an abatement is
unnecessary.  Accordingly, relator’s petition for writ of mandamus in the above
causes is denied.  See id. R. 52.8(a).

IT
IS SO ORDERED.    

                                                                                                PER
CURIAM 

 

Do not publish.  Tex. R. App. P. 47.2(b).

 

Delivered and filed this the      

11th
day of August, 2011.









[1] See Tex. R. App. P. 52.8(d) (“When denying relief, the court may
hand down an opinion but is not required to do so.”); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum
opinions).